UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDWARD THOMAS WILSON, | Case No. 2:98-cv-01174-GMN-BNW |
| Petitioner, | ORDER |
| v. | |
| TIMOTHY FILSON, *et al.*, | |
| Respondents. | |

Before the court are petitioner Wilson's motion for an evidentiary hearing (ECF No. 196) and motion for limited discovery (ECF Nos. 197/199). With the former, he argues that he is entitled to an evidentiary hearing to establish cause and prejudice, under *Martinez v. Ryan*, 566 U.S. 1 (2012), to excuse any procedural defaults and to show that he received ineffective assistance of counsel (IAC) in the guilt and penalty phase of his trial. With the latter, he asks permission to depose witnesses who may not be able to appear in person at an evidentiary hearing. For reasons that follow, the motions will be denied without prejudice.

In *Martinez*, the Supreme Court noted that it previously held, in *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991), that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse procedural default. *Martinez*, 566 U.S. at 15. The Court in *Martinez* "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a

claim of ineffective assistance at trial." *Id*. at 8.  It took care to point out that its "holding … does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id*. at 16.  Also, *Martinez* cannot serve to excuse the default of any claim that is not an ineffective assistance of trial counsel claim. *See Davila v. Davis*, 137 S. Ct. 2058, 2070 (2017) (expressly declining to extend the *Martinez* exception to allow federal courts to consider ineffective assistance of appellate counsel claims).

Wilson argues that, because he has presented colorable claims of ineffective assistance of trial counsel and post-conviction review (PCR) counsel, *Martinez* allows him to add evidence to his IAC claims without the usual evidentiary limitations imposed by 28 U.S.C. § 2254(d)(1) and 28 U.S.C. § 2254(e)(2). ECF No. 195, p. 60; ECF No. 196, p. 4.  Be that as it may, *Martinez* applies only in the context of a petitioner seeking to excuse a procedural default.  At this point, this court has not determined that any of Wilson's ineffective assistance of trial counsel claims are procedurally defaulted.

Citing to *Dickens v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) (en banc), Wilson argues in his traverse that *Martinez* "applies to claims, like those in Wilson's May 2015 Federal Petition, that are 'new' because federal habeas counsel 'substantially improved' upon a version of the claim presented to the state court." ECF No. 195, p. 47.  The relevant holding in *Dickens* applies, however, only if "new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens*, 740 F.3d at 1318 (quoting exhaustion case law).  In that case, the claim is unexhausted and, because it can no longer be raised in state court, procedurally defaulted as well. *Williams v. Filson*, 908 F.3d 546, 572-73 (9th Cir. 2018).

In moving for an evidentiary hearing, Wilson fails to specify which particular IAC claims he is claiming are "new" claims for the purposes of *Martinez*/*Dickens*.  And, because claims presented in Wilson's second state PCR proceeding were exhausted and are not procedurally defaulted in this court, claims presented in that proceeding must be considered, as well as those

2

in his initial state PCR proceeding, in determining whether his third amended federal petition presents a "new" IAC claim implicating *Martinez*. *See Williams*, 908 F.3d at 573-74.

In addition, Wilson's conviction became final in 1985 and he has sought post-conviction relief in state court with four separate proceedings. This court questions whether the holding in *Martinez* would extend to claims that Wilson did not raise until his 2015 federal petition or, for that matter, even until his defaulted third and fourth state petitions in 2005 and 2008. Put another way, the court is not convinced that ineffective assistance of counsel in Wilson's initial PCR proceeding can still serve as "cause" for any default of Wilson's "new" trial IAC claims given the length of time that has elapsed and Wilson's prior opportunities to raise those claims.

In light of the foregoing, Wilson's motion for an evidentiary hearing and related motion for limited discovery are denied without prejudice to Wilson renewing the motions with a more particularized showing that *Martinez* applies to distinct trial IAC claims in his third amended federal petition and that he is entitled to an evidentiary hearing in relation to those claims.

**IT IS THEREFORE ORDERED** that petitioner's motion for an evidentiary hearing (ECF No. 196) and motion for limited discovery (ECF Nos. 197/199) are DENIED without prejudice.

**IT IS FURTHER ORDERED** that pending motions for extensions of time (ECF Nos. 213/217) are GRANTED *nunc pro tunc* as of their respective filing dates.

DATED: September 29, 2019

_____
UNITED STATES DISTRICT JUDGE