UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD THOMAS WILSON, | Case No. 2:98-cv-01174-GMN-BNW |
| Petitioner, | ORDER |
| v. | |
| JEREMY BEAN, *et al.*, | |
| Respondents. | |

Petitioner, through counsel, has filed a Motion under Rule 59(e) of the Federal Rules of Civil Procedure to Alter This Court's Order Denying His Petition for Writ of Habeas Corpus. ECF No. 228. With that motion, he has also filed a motion asking for an additional 91 days to supplement his Rule 59(e) motion. ECF No. 230. For the reasons that follow, the Court denies the latter motion.

Petitioner's counsel cites two grounds for his request for additional time to supplement the Rule 59(e) motion. First, he claims that, because he recently changed law firms, he does not have access to more than 60 boxes of documents that make up his file for this case. Second, he notes that no substantive litigation in this case has occurred since 2019, so he needs time "to re-familiarize himself with the issues and the evidence before preparing a complete Rule 59(e) Motion addressing all viable issues." *Id*. at 3.

The Court does not question the validity of either claim and sympathizes with counsel's circumstances. However, the Court is without discretion to grant the extension counsel requests. The Federal Rules of Civil Procedural explicitly prohibit a federal court from "extend[ing] the time to act under … Rule[] 59(e) …." Fed. Rule Civ. Proc. 6(b)(2), *see Banister v. Davis*, 590

U.S. 504, 507-08 (2020) (finding there is "no possibility of an extension" for a motion to be filed under Rule 59(e)).

The Court recognizes that Petitioner has filed his Rule 59(e) motion within the 28-day period provided in the rule and is asking only to "supplement" the motion. Even so, allowing a party to file a placeholder motion with a three-month extension to prepare "a complete Rule 59(e) Motion addressing all viable issues," as Petitioner contemplates, would defeat the purpose and intent of the strict deadline imposed by the Federal Rules of Civil Procedure. Rule 59(e) is designed to "give[] a district court the chance to rectify its own mistakes in the period immediately following its decision." *Banister*, 590 U.S. at 508 (citation and internal quotation marks omitted). Reconsideration of a final judgment under the rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). A Rule 59(e) motion cannot be used to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

IT IS THEREFORE ORDERED that Petitioner's Motion to Supplement His Motion to Alter the Court's Order Denying his Habeas Petition (ECF No. 230) is DENIED.

IT IS FURTHER ORDERED that that Respondents have 30 days from the date this Order is entered to file their Response to the Petitioner's Motion to Alter the Court's Order Denying His Habeas Petition (ECF No. 228). Petitioner will have 30 days following the filing of the Response to file his Reply.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to reopen this case on the Court's docket.

Dated: May 14, 2025

_____
U.S. District Judge Gloria M. Navarro