**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWARD THOMAS WILSON,

                                    Petitioner,

v.

JEREMY BEAN,

                                    Respondent.

Case No. 2:98-cv-01174-GMN-BNW

**ORDER DENYING MOTION TO AMEND JUDGMENT AND GRANTING MOTIONS FOR EXTENSIONS OF TIME**

**[ECF Nos. 228, 246, 248]**

In this capital habeas corpus action, Petitioner Edward Thomas Wilson was sentenced in Nevada state court to death after he pleaded guilty to first-degree murder, robbery with the use of a deadly weapon, and kidnapping with the use of a deadly weapon. (ECF No. 147-4.)  On April 11, 2025, the Court denied Wilson's Third-Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Third-Amended Petition"). (ECF No. 226 ("Merits Order").)  Judgment was entered. (ECF No. 227.)  This action is now before the Court on Wilson's Motion to Amend the Judgment.[1] (ECF No. 228 ("Motion").)  Respondents opposed the Motion, and Wilson replied. (ECF Nos. 234, 247.)  For the reasons discussed below, the Court denies the Motion.

**A.   LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  As the Ninth Circuit has recognized, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*,

---

[1] This action is also before the Court on Wilson's ninth and tenth requests for an extension of time to file his reply to the Motion to Amend. (ECF Nos. 246, 248.)  The Court finds that good cause exists to grant these requests, *nunc pro tunc*.

759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted).  Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016).

**B.     RELEVANT BACKGROUND INFORMATION**

At the outset of its Merits Order, the Court found that it could not "consider much of the proffered evidence Wilson relie[d] upon to support his habeas claims" because (1) "a federal court may not consider new evidence on the merits of a claim unless the petitioner satisfies the stringent requirements of 28 U.S.C. §2254(e)(2)," and (2) "a federal court cannot consider evidence that was not before the state court when considering any question adjudicated on the merits in state court." (ECF No. 226 at 7.)  Later, in denying ground 9, in which Wilson alleged that his trial counsel was ineffective in his presentation of mitigation evidence at the penalty phase, the Court found that Wilson's trial counsel was deficient for "fail[ing] to conduct any meaningful investigation into Wilson's family or personal history" but found that Wilson failed to establish prejudice. (*Id*. at 38–40.)  The Court explained that "[t]he problem for Wilson is that he did not attempt to present any of [the evidence supporting this ground] to the state court until he filed his procedurally-barred second and subsequent state post-conviction petitions." (*Id*. at 39.)  As such, the Court concluded that it was "not permitted . . . to consider evidence that Wilson did not give the state court the opportunity to consider when it adjudicated his IAC claim." (*Id*. at 40.)

**C.     DISCUSSION**

Wilson argues that his Judgment should be amended because it was manifestly unjust for the Court to not consider his proffered evidence in ground 9. (ECF No. 228 at 7.)

2

U.S.C. § 2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>     (A)    the claim relies on--
>
>         (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In *Shinn v. Ramirez*, the Supreme Court of the United States reinforced that when reviewing a federal habeas petition, the federal court may not consider any facts beyond the factual record presented to the state postconviction relief court, unless one of the exceptions of 28 U.S.C. § 2254(e)(2) applies. 596 U.S. 366, 382 (2022). The *Ramirez* Court also held that, with respect to procedurally defaulted claims not adjudicated on their merits in state court, the federal habeas court may not hold an evidentiary hearing or otherwise consider new evidence, either regarding the question of cause and prejudice relative to a procedural default or regarding the merits of the claim, unless the requirements of 28 U.S.C. § 2254(e)(2) are met. *Id*. at 382–91.

For purposes of determining whether a petitioner must first meet the prerequisites of § 2254(e)(2), the term "fail" means "the prisoner must be 'at fault' for the undeveloped record in state court." *Williams v. Taylor*, 529 U.S. 420, 432, 434 (2000). Because the word "failed" suggests "some omission, fault, or negligence on the part of the person who has failed to do something," a habeas petitioner has "failed to develop the factual basis of a claim," within the meaning of § 2254(e), only if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id*. at 431–32. "Diligence for purposes of [§ 2254(e)(2)'s]

opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Id.* at 435. A prison "is not at fault" for purposes of § 2254(e)(2) "when his diligent efforts to perform an act are thwarted . . . by the conduct of another or by happenstance." *Id*. at 432. Contrarily, "a petitioner who 'knew of the existence of [ ] information' at the time of his state court proceedings, but did not present it until federal habeas proceedings, 'failed to develop the factual basis for his claim diligently.'" *Rhoades v. Henry*, 598 F.3d 511, 517 (9th Cir. 2010).

Wilson argues that his second state post-conviction proceedings were fundamentally unfair and a violation of due process because (1) his second post-conviction counsel appeared at the hearing without any evidence to present and "behaved as if he were under the influence," and (2) the state court denied his request to represent himself at his second post-conviction hearing. (ECF No. 228 at 4–5, 7.) As such, Wilson contends that he cannot be deemed to have "failed to develop" the record under § 2254(e)(2) during his second post-conviction hearing because that proceeding was a "sham" given his second post-conviction counsel's abandonment and the state court's interference. (ECF No. 247 at 5.) These contentions lack merit.

First, failure to develop the state-court record under § 2254(e)(2) incorporates Wilson's second post-conviction counsel's actions. Indeed, failure to develop the record can come about due to post-conviction counsel's mere negligence, but it can also come about in the case of more egregious errors. *See Williams*, 529 U.S. at 431–32 ("In its customary and preferred sense, 'fail' connotes some omission, fault, or negligence on the part of the person who has failed to do something." (citing Webster's New International Dictionary 910 (2d ed.1939) (defining "fail" as "to be wanting; to fall short; to be or become deficient in any measure or degree," and "failure" as

4

"a falling short," "a deficiency or lack," and an "[o]mission to perform"); Webster's New International Dictionary 814 (3d ed.1993) ("to leave some possible or expected action unperformed or some condition unachieved"); Black's Law Dictionary 594 (6th ed.1990) (defining "fail" as "[f]ault, negligence, or refusal"))).

Second, regardless of the state court's refusal to allow Wilson to represent himself, Wilson's second post-conviction counsel's errors are imputed on him. *See Davila v. Davis*, 582 U.S. 521, 528 (2017) (stating that "[a]ttorney error that does not violate the Constitution"— including attorney error in post-conviction proceedings, where there is no constitutional right to counsel—"is attributed to the prisoner under 'well-settled principles of agency law'"); *see also Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991) (explaining that an attorney's lack of diligence is attributable to a petitioner "because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation" and that the petitioner therefore "'bear[s] the risk of attorney error'"). Importantly, the Court of Appeals for the Ninth Circuit has attributed post-conviction counsel's errors onto the petitioner in similar circumstances to the case at hand. *See Lee v. Thornell*, 108 F.4th 1148, 1161 (9th Cir. 2024) (finding that the petitioner's post-conviction counsel's investigator's oversight was attributable to the petitioner); *Fergason v. Johnson*, No. 24-2233, 2025 WL 1650015, at *2 (9th Cir. June 11, 2025) ("Fergason's postconviction counsel's failure to develop the new valuation expert claim . . . is imputed to Fergason.").

Third, while the Court may sympathize with Wilson's plight, there is no exception— equitable or otherwise—allowing Wilson to avoid the prerequisites of § 2254(e)(2). *See Hampton v. Shinn*, 143 F.4th 1047, 1075 (9th Cir. 2025) (stating that, in *Shinn*, "[t]he Court declined to impose a *Martinez*-like equitable exception to § 2254(e)(2) that would excuse a prisoner's failure to develop the state-court record because of the ineffective assistance of his post-conviction

counsel."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Coleman,* 501 U.S. at 752 (noting that "there is no constitutional right to an attorney in state post-conviction proceedings" even in capital cases); 28 U.S.C. § 2261(e) ("The ineffectiveness or incompetence of counsel during State or Federal post-conviction proceedings in a capital case shall not be a ground for relief in a proceeding arising under section 2254.").

In sum, because the Court did not err in refusing to consider Wilson's proffered evidence in ground 9, the Court determines that reconsideration under Rule 59(e) is not appropriate.

**D.    CONCLUSION**

It is therefore Ordered that the Motion to Amend Judgment (ECF No. 228) is **DENIED**. To the extent that it is required, the Court denies a Certificate of Appealability because reasonable jurists would not find this Court's denial of the Motion to be debatable or wrong.

It is further Ordered that the Motions for Extension of Time (ECF Nos. 246, 248) are **GRANTED**, *nunc pro tunc*.  Wilson's reply (ECF No. 247) is considered timely filed.

It is further kindly Ordered that the Clerk of the Court reclose this action.

Dated:  March 11, 2026

_____
Gloria M. Navarro, Judge
United States District Court